# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JIMMY R. HILL,
                  Appellant,

        v.

UNITED STATES POSTAL SERVICE,
                  Agency.

DOCKET NUMBER
AT-0752-14-0779-I-1

DATE: December 17, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jimmy R. Hill, Jonesboro, Georgia, pro se.

W. Randle Smith, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        On May 7, 2013, the agency issued a notice proposing to remove the appellant from his Mail Handler position for Failure to be Regular in Attendance. Initial Appeal File (IAF), Tab 4, Subtab 4G. In June 2013, the parties resolved the proposed removal by entering into a Last Chance Settlement Agreement (LCA). *Id.*, Subtab 4F. Under the LCA, the agency agreed to hold the implementation of the removal action in abeyance for 14 months from the date of the signing of the agreement,[2] while the appellant agreed to maintain satisfactory attendance for the full term of the agreement by having no more than three unscheduled absences during any 6-month period of the LCA and no instance of Absence Without Leave. *Id.* at 1-2. The LCA provided that absences covered by the provisions of the Family Medical Leave Act (FMLA) would not be cited or applied to the LCA; however, the appellant was responsible for ensuring that his

---

[2] The appellant and the agency representative signed the LCA on June 14, 2013, and the appellant's union representative signed the LCA on June 26, 2013. IAF, Tab 4, Subtab 4F at 5.

FMLA certification was current, and he was required to "adhere to the frequency and duration stipulated for any FMLA approved case." *Id.* The LCA also provided that any violation of its terms would be considered justification for the appellant's removal, and that, if the appellant were removed for violating the LCA, he would forego any appeal of the removal action in any forum, including the Board. *Id.* at 2-3. The LCA included a statement signed by the appellant, in which he asserted as follows: he had read and understood the conditions and restrictions set forth in the LCA; he was mentally and physically fit so as to be able to understand the agreement in its entirety; and he had freely entered into the LCA. *Id.* at 6.

¶3 On March 28, 2014, the agency issued the appellant a notice of removal alleging that he had violated the LCA by incurring thirteen unscheduled absences from January 2, 2014, through March 7, 2014, none of which were protected under the FMLA. IAF, Tab 4, Subtab 4B. The appellant filed an appeal with the Board challenging his removal. IAF, Tab 1. The administrative judge issued an order to show cause in which he explained the appellant's burden of proving that the Board had jurisdiction over his appeal in light of the LCA and ordered the appellant to "provide evidence and argument that he did not violate the LCA, that the agency failed to comply with the terms of the LCA in a material way, or that he did not enter the LCA voluntarily." IAF, Tab 5 at 3. The appellant did not respond to the order.

¶4 Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID). The administrative judge found that the appellant had failed to make a nonfrivolous allegation that he did not violate the agreement, that the

agency acted in bad faith, or that he did not voluntarily enter into the agreement.[3] ID at 1.

¶5    The appellant has filed a petition for review.[4]  Petition for Review (PFR) File, Tab 1.  The agency has not filed a response to the petition for review.

## ANALYSIS

¶6    The appellant bears the burden of proving that his appeal is within the Board's jurisdiction.  5 C.F.R. § 1201.56(a)(2)(i).  The Board lacks jurisdiction over an action taken pursuant to an LCA in which an appellant waives his right to appeal to the Board.  *Willis v. Department of Defense*, 105 M.S.P.R. 466, ¶ 17 (2007).  To establish that a waiver of appeal rights in the LCA should not be enforced, an appellant must show one of the following:  (1) he complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake.  *Id.*

¶7    The administrative judge found that:  the agency submitted undisputed evidence that the appellant had thirteen unscheduled absences between January 2, 2014, and March 7, 2014; these unscheduled absences violated the LCA, which specified that the appellant would be removed without appeal rights if he incurred more than three unscheduled absences during any 6-month period beginning on June 26, 2014; and there is no evidence in the record casting doubt on the validity or enforceability of the LCA.  ID at 2-3; *see* IAF, Tab 4, Subtabs 4D-4E.  Therefore, the administrative judge found, the appeal rights waiver contained in the LCA is valid and deprives the Board of jurisdiction over this appeal.  ID at 3.

---

[3] Although the administrative judge states in the initial decision that no hearing was held because the appellant failed to make a nonfrivolous allegation of jurisdiction, ID at 1, there is no indication in the record that the appellant requested a hearing.

[4] The appellant submits three documents with his petition for review.  PFR File, Tab 1 at 2-5.  Because these documents are already part of the record, we have not considered them.  *See* IAF, Tab 1 at 6, 8, 14, Tab 4, Subtab 4A; *see also Meier v. Department of the Interior*, 3 M.S.P.R. 247 (1980).

¶8 The appellant argues for the first time on review that he did not violate the LCA because his unscheduled absences should have been covered by the FMLA due to the fact that he had an FMLA certification pending at the time of his removal. PFR File, Tab 1 at 1. He further contends that his immediate supervisor was aware of his thirteen absences between January 2, 2014, and March 7, 2014, and was "working with him." *Id.* More specifically, he asserts that his immediate supervisor was aware of the pending FMLA certification, and was provided with documentation and an explanation for each unscheduled absence he incurred, but continued to allow him to work because she considered his absences valid and unavoidable. *Id.*

¶9 We find these arguments unpersuasive. Although the LCA provided that absences covered by the FMLA would "not be cited or applied to [the LCA]," the appellant was required to adhere to the frequency and duration stipulated for any FMLA approved case. IAF, Tab 4, Subtab 4F at 2. The documentation in the record includes an FMLA approval form dated April 18, 2014, which identifies the frequency and duration of the appellant's absences covered by the FMLA as follows: "1 time per 3-6 months and 1-3 days per episode." *Id.*, Subtab 4A. Thus, even assuming the agency's approval of the appellant's FMLA request applied retroactively to the relevant time frame (i.e., January 2, 2014, to March 7, 2014), the appellant still incurred more than three unscheduled absences during that time period that were not covered by the FMLA, in violation of the LCA. *See id.*, Subtab 4E.

¶10 We also find unpersuasive the appellant's apparent contention that he did not violate the LCA because his unscheduled absences were "unavoidable" and for a valid reason. *See* PFR File, Tab 1 at 1. The key issue for purposes of determining whether the appellant violated the LCA is not whether the appellant's absences during the relevant time frame were for a valid reason but, rather, whether they were unscheduled or covered by the FMLA.

¶11    The appellant also appears to raise a disparate treatment claim for the first time on review, alleging that the agency officials who signed his notice of removal have "single [sic] [him] out for discipline and have failed to treat [his] attendance record with the same measures as others." PFR File, Tab 1 at 1. The appellant's argument concerning alleged dissimilar treatment of other employees for similar conduct is immaterial to the question of whether the appellant's waiver of appeal rights is unenforceable absent any allegation that the allegedly dissimilar treatment evidenced bad faith on the agency's part.

¶12    The appellant also argues for the first time on review that the LCA is invalid. PFR File, Tab 1 at 1. He asserts that the agreement is unlawful and involuntary because he was never informed or advised by the agency or his union of what he was signing or the possible consequences of what he was signing, and the union never notified him that he would be removed without his appeal rights. *Id.* In addition, the appellant contends that the agreement was unlawful and a mutual mistake because all the parties who signed the agreement were never in the same room together and the union representative did not sign the agreement until 14 days after he did.

¶13    The LCA clearly provides that, in the event that the appellant violated the LCA and the agency removed him for doing so, he agreed to waive any right to appeal his removal to any administrative forum, including the Merit Systems Protection Board. IAF, Tab 4, Subtab 4F at 3. As previously noted, the appellant signed the statement on the last page of the LCA, thereby acknowledging that he read and understood the terms of the agreement, that he was able to understand the agreement in its entirety, and that he entered into the agreement freely. *Id.* at 6. Thus, we find that the appellant knew or should have known that he waived Board appeal rights at the time he entered into the agreement. Therefore, the appellant's claim that the LCA is invalid because he entered into it without understanding the consequences of signing the agreement is not supported by the record evidence.

¶14    Further, to the extent that the appellant argues that the waiver of his Board appeal rights should not be enforced because his union representative failed to properly advise him of the terms of the agreement, his assertion is without merit. It is well settled that the appellant is responsible for the errors of his chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

¶15    Lastly, we find unavailing the appellant's argument that the LCA should be set aside on the basis of mutual mistake. A mutual mistake is a shared, mistaken belief of the parties regarding a material assumption of fact underlying their agreement. *Brown v. Department of the Army*, 108 M.S.P.R. 90, ¶ 5 n.1 (2008). Neither the fact that the parties to the agreement were never in the same room together nor the approximately 2-week interval between the day that the appellant signed the agreement and the day that his union representative signed the agreement support the appellant's contention that the agreement was the result of a mutual mistake.

¶16    In sum, the appellant has not shown that the LCA he entered into is invalid or otherwise should not be enforced. Consequently, the administrative judge correctly found that the appellant failed to show that the Board has jurisdiction over the appellant's removal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.